JOHN C. WILSON, Respondent, v. UNITED RAIL-WAYS COMPANY, of St. Louis, Appellant.

St. Louis Court of Appeals, October 19, 1909.

1. MASTER AND SERVANT: Negligence: Contributory Negligence: Question for Jury. In an action by a servant for personal injuries, where his evidence tended to prove that, while adjusting the trolley wheel on a partially loaded car of ties, the front end of which was built up perpendicularly, without bracing, he stepped on the ties at the end of the pile and they gave way and several fell on his leg and injured it, it is *held* that he was not guilty of contributory negligence as a matter of law.

2. ———: Assumption of Risk. And where, in such case, the servant was obeying the command of the foreman at the time he was injured, he did not assume the risk of injury, although the danger was obvious, it not being the duty of the master to move the car while it was in a dangerous condition and the servant not being engaged to assist in any such work.

3. ———: Instructions: Authorizing Verdict if Negligence "Contributed to Cause" Error, When. In an action by a servant for personal injuries alleged to have been sustained by reason of the master's negligence, where a defense of contributory negligence was made and there was no evidence to prove the accident was in any degree the intervening act of a third person or a force of nature, an instruction which, after hypothesizing the different acts of negligence, required the jury to find those acts "directly contributed to cause" the injuries, instead of requiring them to find that said acts caused the injuries, was erroneous.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

REVERSED AND REMANDED.

*Boyle & Priest* and *T. E. Francis* for appellant.

(1) The demurrer to the evidence should have been sustained. (a) Because plaintiff, before getting upon the ties, saw how they were arranged, and knew, he said, that they were improperly loaded. The danger of the ties falling was as obvious to plaintiff as to defendant's foreman, therefore by getting on them without complaint plaintiff assumed the danger and risk of their falling. Mathis v. Stock Yards, 185 Mo. 434; Hager v. Railroad, 207 Mo. 302; Lee v. Railroad, 112 Mo. App. 372. (b) Because the danger of injury from ties, piled eight high, perpendicularly arranged at the front end without blocking or fastening of any kind to prevent them from falling, was so glaring and imminent that all reasonable minds will agree that a reasonably prudent man would not have taken the risk of such injury; hence plaintiff was guilty of contributory negligence as a matter of law. McCarty v. Hotel Co., 144 Mo. 397; Mathis v. Stock Yards, 185 Mo. 434; Hager v. Railroad, 207 Mo. 302; Beymer v. Packing Co., 106 Mo. App. 726; Cristy v. Railroad, 131 Mo. App. 266. (2) Plaintiff's instruction No. 1 is erroneous for the reason that it authorized the jury to find for plaintiff if they believed defendant's foreman was negligent in ordering the car to be taken over defendant's track and in requiring plaintiff to operate the trolley, without requiring them to also find that said foreman had actual or constructive notice of the manner in which the ties were loaded. Bonine v. City of Richmond, 75 Mo. 437; Badgley v. St. Louis, 149 Mo. 122;

Williams v. Hannibal, 94 Mo. App. 549; Doherty v. Kansas City, 105 Mo. App. 173; Reedy v. St. Louis, 161 Mo. 523; Flynn v. Bridge Co., 42 Mo. App. 529; Labatt's Master & Servant, vol. 1, sec. 437. (3) Plaintiff's instruction No. 1 is erroneous in that it permitted the jury to find a verdict for plaintiff, even though they believed the negligent acts therein hypothesized only contributed to cause his injuries. ·Hof v. Transit Co., 111 S. W. 1166; Smith v. Railroad, 31 Mo. 411; Krehmeyer v. Transit Co., 120 S. W. 78. (4) Plaintiff's instruction No. 1 is erroneous. (a) Because it ignores the defense of contributory negligence predicated upon plaintiff's act of climbing upon the ties, knowing that they were not blocked or fastened in any manner. Barrie v. Transit Co., 102 Mo. App. 87. (b) Said instruction was intended to cover the whole case and is erroneous because it excludes from the consideration of the jury said material issue of contributory negligence, which was supported by plaintiff's own testimony. Hohstadt v. Daggs, 50 Mo. App. 240. (5) Plaintiff's instruction No. 4 is erroneous. (a) Because it declares that plaintiff did not assume any risk arising from any want of ordinary care on the part of defendant or its foreman, which is the equivalent of declaring that assumption of the risk is no defense to an action for negligence. Mathis v. Stock Yards, 185 Mo. 434; Hager v. Railway, 207 Mo. 302; Lee v. Railroad, 112 Mo. App. 372. (b) Because it charges that defendant did not assume any risk created by reason of the want of ordinary care on the part of any employee of defendant, which impliedly authorized a verdict if the jury believed that any such employee was negligent, thereby authorizing a verdict on a theory of negligence not counted on in the petition. Yall v. Gillham, 187 Mo. 393; Hesselbach v. St. Louis, 179 Mo. 505; Beave v. Railroad, 212 Mo. 331.

*A. R.* and *Howard Taylor* for respondent.

(1)   The evidence as shown in the record fully established every material fact charged in the petition. If the petition states a cause of action, the evidence was sufficient to support the verdict and the judgment, and the demurrer was properly overruled by the trial court.   It is the settled rule of decision in this State in all courts of review that, if the evidence is such that fair, intelligent minds may differ as to whether it proves or tends to prove the issue, then that issue is one for the jury to determine.   This is the court's deference to the constitutional right of jury trial.   Eckhard v. Railroad, 190 Mo. 611; Powers v. Railroad, 202 Mo. 280.   In determining whether the case should be taken from the jury because of contributory negligence, plaintiff is entitled to the full force of all his uncontroverted evidence as of his controverted evidence, and every reasonable and favorable inference of fact deducible from all the evidence.   Charlton v. Railroad, 200 Mo. 44.   This court has consistently held this view. McFern v. Gardner, 121 Mo. App. 6.   The demurrer to the evidence was properly overruled on the question of contributory negligence, as a matter of law.   (2)   In this State the law is that there is and can be no assumption by the servant of risk arising from the negligence of the master in the performance of a legal duty imposed by law upon the master for the safety of the servant.   This doctrine arises out of public policy, which will not tolerate an agreement for exemption by the master from his duty of care.   It was distinctly announced in the following cases from our Supreme Court.   Blanton v. Dold, 109 Mo. 75; Settle v. Railroad, 127 Mo. 343; Pauck v. Beef Co., 159 Mo. 477. The servant never assumes the risk of the master's negligence.   Carter v. McNair, 173 Mo. 280; Cole v. Transit Co., 183 Mo. 280.   These cases also hold that, on the question of contributory negligence in using an ap-

pliance known by the servant to be defective, the question is not assumption of risk, but one of contributory negligence, and the servant is not to be defeated on that issue, unless the danger was so glaring and imminent that a reasonably prudent servant would not have remained in such service. This was the view of the trial court, as indicated in the instructions given on the issue. This is the view of this question expressed by the Supereme Court in the case of Charlton v. Railroad, 200 Mo. 433. There was no assumption of the risk from which respondent was injured. (3) The danger from the falling of the ties was evidently not so glaring and imminent that no reasonably prudent servant would incur the risk of being on or about the pile, for, as shown by the evidence, Henry Erb, the general foreman, rode down the inclined track directly in the space between the end of the ties and the vestibule. This was a question of fact for the jury. Pauck v. Beef Co., supra; Charlton v. Railroad, 200 Mo. 441; Shone v. Bridge Co., 111 Mo. App. 291. (4) The second point made for reversal is that the first instruction given for plaintiff was erroneous in limiting the ordinary care on the part of the plaintiff to the time of the injury. We have shown and the record shows that there was no claim of any evidence of contributory negligence by plaintiff, except in attempting to get down "off the 'pile" at the time of the fall of the ties. There was no evidence of any negligence by plaintiff in the manner of piling the ties. It was all done under the inspection and direction of the foreman, and the evidence shows, without any contradiction, that but for order sending the car out with the pile unfinished and unfastened, there would have been no defect or danger. The only issue pleaded of contributory negligence was that plaintiff, when getting off the pile, disturbed the ties and caused the fall. This was "at the time of the injury," and was put to the jury in the instruction complained of. (5) The point is made under appellant's second

point that the instruction given for plaintiff was erroneous, because it did not require the foreman to know the manner of the piling of the ties; both foremen, the evidence showed without dispute, did see the manner of the piling, and the piling was done under the eye and by the direction of the assistant foreman, and the general foreman rode on the car within four feet of the ties as piled whilst his order was being carried out. Here was actual and constructive evidence to both without dispute, nothing to make an issue of fact. No one, not even a city, needs notice of an act or condition done or caused by himself or his agent. Russell v. Columbia, 74 Mo. 490; Bassett v. St. Joseph, 53 Mo. 290. (6) Appellant's third point is based upon the contention that the plaintiff's instruction (1) complained of was error is based on the case of Hof v. Railroad, 213 Mo. 445, supplemented by the case of Kreymeyer v. Railroad, S. W. Rep., of July 21, 1909. These cases, while conflicting each with the other, are such a departure from the principles of the law, as heretofore recognized by authorities, and by judicial opinion, that we shall reserve the discussion of the principles announced in these cases and the application of the points of decision to the case at bar for our argument with the single suggestion here that in the Kreymeyer case the author of the opinion in the Hof case changes his opinion upon the material question decided in the Hof case. Conceding in the Kreymeyer case the ancient and well-settled rule of law as to tortfeasors, that if the injured person is without negligence and the tortfeasor's negligence contributing directly in causing the injury, he is liable notwithstanding who or what else, including the act of God, also was a directly contributing cause. This principle of law, venerable with age, was denied directly in the Hof case and conceded as directly in the Krehmeyer case, as we shall undertake to show in our argument. These two cases stand alone in the history of American jurisprudence.

GOODE, J.—This plaintiff was hurt while work-ing at his task as an employee of defendant company and brought this action to recover damages. He was helping move a carload of ties at the time. The car had been run on a spur track to be loaded with ties, and was stopped at a short depression in the track which caused the rear end to be lower than the front, and the car stood tilted. It was a flat car about thirty-six feet long and nine feet wide. The ties were seven feet long and perhaps six inches thick and were placed lengthwise across the car. At the west or rear end were braces against which the ties rested, but there were no braces at the front. At that end was what is called a vestibule, containing the controller and other appliances used in operating the trolley car. We understand a full load of ties, or two hundred and fifty, would have extended the load forward to where it would be supported by braces connected with the ves-tibule. The car was started before it was fully loaded, there being but two hundred and thirty-two ties on it, leaving a space four feet wide between the front end of the load and the vestibule. The testimony differs as to the manner in which the front end of the pile was built up. The proper manner, according to the wit-nesses, would have been to "step the ties;" that is, have them ascend like stairs, the first tie of each layer from the bottom retreating the width of one tie. The testi-mony for plaintiff goes to show this was not done, but the load was built up perpendicularly in front; whereas the witnesses for defendant testified it was "stepped." The pile remained in position as long as the car was stationary with its rear lower than the front; but when it started the motorman ran it very rapidly and after leaving the spur and as plaintiff was in the act of re-versing the trolley so the car would move in another direction, the pile of ties gave way at the front end, letting him fall to the floor and falling on him, breaking his left ankle and inflicting other injuries. It is con-

ceded plaintiff was performing his duty at the time and was not out of place on top of the pile; in fact, he had to climb there to manipulate the trolley. But it is contended he caused the pile of ties to topple and fall by carelessly stepping on those right at the end of the pile, and, perhaps, an inference of negligence on his part which contributed to the injury, might have been drawn by the jury from the evidence. This defense was interposed by answer, and also that plaintiff assumed the risk.

The acts of negligence assigned in the petition are failure of defendant's foreman in charge of the work to cause the pile of ties to be blocked or fastened at the front so as to prevent them from falling; ordering the car to be moved while in a negligent condition, by which we understand the pleader to mean, before the load was complete or braced, and in ordering plaintiff to go on the car and ties and operate the trolley while the pile was negligently unbraced.

The court refused to direct a verdict for defendant as requested, and in this no error was committed; for it is certain plaintiff was not conclusively shown to have been careless in a way that helped bring about the accident, and neither did he assume the risk of injury from the ties having been piled carelessly and insecurely and the car being moved by the direction of the foreman while they were piled thus. The work of loading the ties was done under the eye of the foreman and plaintiff was obeying his command when hurt; therefore there can be no question about defendant being in fault if the ties were carelessly built up and in a way to endanger plaintiff unnecessarily. But it is argued if the pile was perpendicular, as he said, the danger was obvious and he took the risk. This point need not be elaborated for it is settled by Wendler v. House Fur. Co., 165 Mo. 527, Curtis v. McNair, 173 Mo. 270, and Blundell v. Elevator Co., 189 Mo. 552. The case of Hager v. Railroad, 207 Mo. 302, is invoked as having

altered the rule in regard to the assumption of the risk, but it does not alter it in a manner relevant to the present case, if at all. The fact which suffices to distinguish this controversy from that one is that it was not incumbent on defendant to move the car in question while it was in an insecure and dangerous condition and plaintiff was not engaged by defendant to assist in any such work; whereas the court found from the evidence in the Hager case it was the duty of the Terminal Association and its employees to remove and transfer cars whether said cars were in good or bad order (l. c. 316). We understand it was part of Hager's regular employment to work about cars in bad order, and presumably more unsafe than those in good order.

The judgment must be reversed because in the first and main instruction for plaintiff, after the different acts of negligence had been hypothesized, the jury was required to find they occurred "thereby directly contributing to cause plaintiff's said injuries," instead of finding those acts caused the injuries. As the defense of contributory negligence was in the case and there was no evidence to prove the accident was in any degree the intervening act of a third person, or of a force of nature, this form of instruction falls within the decisions of Hof v. Transit Co., 213 Mo. 445, and Krehmeyer v. Transit Co., 120 S. W. 78.

The judgment is reversed and the cause remanded. All concur.