JOHN C. WILSON, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, December 31, 1912.

1. **APPELLATE PRACTICE: Law of Case: Decision on First Appeal: Effect of Material Change in Evidence.** A determination, on appeal, that the case is one for the jury is not conclusive, on a second appeal, when the evidence presented is materially different from that presented on the first appeal.

2. **MASTER AND SERVANT: Injury to Servant: Falling Ties: Contributory Negligence: Evidence: Admissions.** Plaintiff, while performing his work as trolley holder on top of a pile of ties loaded on a flat car, was injured as a result of the ties slipping and falling. The car was only partially loaded, there being

a space between the front end of the ties and the front end of the car. The front end of the ties was perpendicular and was not braced or supported. The foreman, although advised by an assistant that the car was not loaded, directed that it be taken out as quickly as possible, and ordered plaintiff to pull the trolley off of the wire and let the car coast down the grade. At the time this order was given, plaintiff and the foreman were standing in the vacant space between the front end of the car and the front end of the ties, and, in obedience to it, plaintiff climbed on top of the ties to adjust the trolley. While the car was coasting down the grade, the ties slipped and gave way, catching and injuring plaintiff. On cross-examination, he testified that, if he had stopped to think, he would have known the ties were improperly arranged and were in such a dangerous condition that he would not have climbed on top of them but that the foreman was in such a hurry to get them out and he was so busy with his work that he didn't have time to think. *Held*, that plaintiff's evidence on cross-examination, given nearly five years after the accident, should be construed to mean that, looking at the thing as it occurred, if he had to do it over again, he would not do as he did then, and that this evidence did not convict him of contributory negligence as a matter of law, since, in determining the question, the court should consider what he did at the time of the accident, under the circumstances then present, and not what he would do five years later. *Held further*, that, considering the fact that plaintiff was working under the immediate command of the foreman and under pressure for instant action, it was for the jury to say whether he had an opportunity and the time to think what might be the consequence of obeying the insistent order of the foreman, and hence the question of whether he was guilty of contributory negligence in getting on the ties was for the jury.

3. ———: ———: ———: Contributory Negligence: Instructions: Danger not "Apparent or Imminent." In an instruction given for plaintiff in the case stated in the preceding syllabus, the court charged that if the jury found that plaintiff, by ordinary care, could have known that the pile of ties was unfastened and insecure and that there was some danger of the pile falling and injuring him while in the discharge of the duty of his employment, yet if they further found that the danger of the pile falling and injuring him was not so apparent or imminent that a person of ordinary prudence, under the same or similar circumstances, would not have done the work plaintiff was doing at the time of his injury, then the fact that he did the work would not of itself prevent a recovery. *Held*, that the instruction correctly defined the law of contributory negligence, in view of the fact that plaintiff received his injury in executing a hurry-up order of the foreman without being given

time for deliberation or reflection. *Held, further*, that the instruction, when considered, as it should be, in connection with the other instructions given, which are epitomized in the opinion, was not misleading and was in no way prejudicial to defendant.

*Held*, by NORTONI, J., dissenting, that the instruction was erroneous, in that it permitted a recovery by plaintiff, even though he was remiss in the exercise of ordinary care for his safety, unless the danger was so "apparent and imminent" as would justify a conclusion of negligence as a matter of law. *Held, further*, that if such an instruction could be upheld on the theory the injury was received by the servant while acting in obedience to an order of the master without being given time for reflection, that theory should be submitted to the jury for a finding and not declared as a matter of law, and the instruction in question submitted no such matter.

4. **INSTRUCTIONS:** Defects and Omissions: Cured by Other Instructions. Instructions must be considered as a whole, and where, when so considered, they embody correct declarations of the law, minor inaccuracies or omissions in any one of them do not justify a reversal.

5. **APPELLATE PRACTICE:** Rules of Decision: Nonprejudicial Error. Under sections 1850 and 2082, Revised Statutes 1909, it is the duty of appellate courts to disregard error which does not affect the merits or the substantial rights of the party against whom it was committed.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED AND CERTIFIED TO SUPREME COURT.

*Boyle & Priest* and *T. E. Francis* for appellant.

(1) The court erred in refusing to direct a verdict, for the reason plaintiff admitted he saw how the ties were loaded and knew they were in a dangerous condition—so dangerous that he would not have climbed on top of them had he taken time to think of the matter. This evidence establishes that the peril was obvious and imminent and that plaintiff both knew of the dangerous condition and would have appreciated its immediately threatening character had

he taken time to think, and hence he was guilty of contributory negligence as a matter of law. Dakan v. Mercantile Co., 197 Mo. 267; Schiller v. Breweries Co., 156 Mo. App. 569; Giatio v. Railroad, 132 Mo. App. 363; Smith v. Light Co., 148 Mo. App. 586; Doerr v. Brewing Assn., 176 Mo. 547; Sands v. Brewing Co., 131 Mo. App. 413; Shortel v. St. Joseph, 104 Mo. 114; Meyer v. Glass Co., 129 Mo. App. 556. The fact that plaintiff did not think of the dangers of his situation will not excuse him, but on the contrary accentuates his negligence, since an ordinarily prudent person will devote some attention to the end of protecting himself while in a dangerous situation. Barnes v. Sowden, 119 Pa. 53; Miller v. Monument Co., 118 N. W. 522; Waterworks Co. v. Herren, 31 So. 444; Wheat v. St. Louis, 179 Mo. 580; Pohlman v. Car Co., 123 Mo. App. 228; Wheeler v. Wall, 157 Mo. App. 44; Meyer v. Glass Co., 129 Mo. App. 556. (2) The fact that this court on the former appeal (142 Mo. App. 676) determined that the question of plaintiff's contributory negligence was for the jury is not conclusive of that point on the present appeal, for the reason that the evidence presented on the present appeal is materially different from that presented on the former apepal. Kelley v. Thuey, 143 Mo. 437; Davidson v. Mayhew, 169 Mo. 263. If the statement of the facts contained in the opinion on the former appeal is not sufficient to advise the court that the evidence on the present appeal is materially different from that there presented, we respectfully submit that the court should examine the record presented on the former appeal. State ex rel. v. Broaddus, 142 S. W. 304. (3) The court erred in giving plaintiff's instruction 6. (a) Because it declares that, although there was some danger of the ties falling and injuring plaintiff, still the jury could not find him guilty of contributory negligence unless they believed such danger was imminent. Bennett v. Lime Co., 146 Mo. App. 565; Bradley v. Railroad, 138

Mo. 293; Minnier v. Railroad, 167 Mo. 116. (b)* Because there was no evidence upon which to base the instruction, since plaintiff admitted that the danger of the ties falling was so obvious, glaring and imminent that he would not have gotten upon them if he had taken time to think. Bennett v. Lumber Co., 146 Mo. App. 578; Minnier v. Railroad, 167 Mo. 117.

*A. R. & Howard Taylor* for respondent.

(1) The plaintiff was not guilty of contributory negligence, as a matter of law, in getting on the top of the pile of ties when the general foreman gave the peremptory order to take the car out without a complete load, although he knew there was danger of the pile being shaken and the ties falling. The order of the foreman was an assurance of the practicability of doing the work and the question whether a servant receiving such order is required before obeying the master to "stop and think" out the problem as to the probable effect of obeying such order, to-wit, to what extent there would be danger of the ties so loaded being shaken loose and falling, is we submit, not one that can be declared by the court as a question about which reasonable minds cannot differ. Sullivan v. Railroad, 107 Mo. 78; Bane v. Irwin, 172 Mo. 316; Butz v. Construction Co., 199 Mo. 257. (2) The point made against the plaintiff's instruction 6 is untenable. Mere knowledge that the appliance is defective and that risk is incurred in its use will not, as a matter of law, defeat the servant's action where the danger is not such as to threaten immediate injury, or when it is reasonable to suppose the appliance may be safely used by the use of care and caution. Swardley v. Railroad, 118 Mo. 278; Wilson v. Railroad, 142 Mo. App. 683; Graney v. St. Louis, 141 Mo. 185.

## ON RESUBMISSION.

REYNOLDS, P. J.—This is the second appeal in this case, on the first appeal the judgment of the circuit court being reversed because of an instruction given, that instruction containing the same error condemned by our Supreme Court in Hof v. St. Louis Transit Co., 213 Mo. 445, 111 S. W. 1166, and Krehmeyer v. St. Louis Transit Co., 220 Mo. 639, 120 S. W. 78. The cause was accordingly remanded. At the second trial the pleadings were as before, and with an exception hereafter to be referred to, the evidence was practically as at the first trial. Hence it is unnecessary to set out either and is sufficient to refer for them to the report of the case as found under the title Wilson v. United Railways Co., 142 Mo. App. 676, 121 S. W. 1083. At this second trial evidence was elicited from the plaintiff which it is claimed presents the case in a different light. There was a verdict for plaintiff for $5000. Defendant filing its motion for a new trial, alleging, among other grounds, that the verdict was excessive, the trial court announced that unless plaintiff would remit $2000 from the verdict the motion would be sustained. Plaintiff remitting that amount, judgment followed in his favor for $3000. It is from this that defendant below prosecutes the present appeal.

The first error assigned is to the refusal of the court to direct a verdict for defendant, because, as it is alleged, plaintiff admitted that he saw how the ties were loaded and knew they were in a dangerous condition, so dangerous that he would not have climbed on top of them had he taken time to think of the matter. From this it is argued that this evidence establishes the fact that the peril was obvious and imminent and that plaintiff both knew of the dangerous condition and would have appreciated its immediate threatening character had he taken time to think. Hence

it is argued he was guilty of contributory negligence as a matter of law. It is further argued in support of this assignment that the fact that plaintiff did not think of the dangers of his situation will not excuse him, but on the contrary accentuates his negligence, since an ordinarily prudent person will devote some attention to protecting himself while in a dangerous situation.

The second contention is to the effect that the fact that the court on the former appeal determined that there was sufficient evidence to warrant the submission of the question of plaintiff's contributory negligence to the jury is not conclusive on the present appeal, for, as it is claimed, the evidence presented on this last trial is materially different from that presented on the former one. We hold that there was evidence which was not presented at the first trial, the question for our determination now being whether that evidence makes any material change in the case.

The third assignment of error is to the giving of an instruction at the instance of plaintiff, errors assigned being, first, to the body of the instruction itself; second, in giving it at all, it being contended that there was no evidence upon which to base it.

In support of their first assignment of error counsel have set out in full the new evidence which they claim differentiates this case from the case as before presented. We have read all of it as set out by counsel for appellant with very great care, not however confining ourselves to that but also going to the abstract for all of the testimony on this point. In addition to the summary of plaintiff's testimony as to the accident, which is given in the report of the case when here on the first appeal (see 142 Mo. App. l. c. 683), it may be well to state that at this trial, as on the former trial, it appears that the work of loading the ties on the car was done under the eye of the yard foreman, who, as representing defendant, had charge of the

work in which all of the gang or crew of which plaintiff was a member, were engaged, that is, loading ties on a flat car operated by defendant and carrying them on the car, the latter operated by electricity, from the point of loading to the point at which they were to be used. There was an assistant foreman in immediate charge of the crew. The yard foreman came to where plaintiff with the other men were loading the ties on the car. He called out to the motorman and to the crew who were loading the car, "Take this car out and get out of here as quick as you can. They need the track blocks." Thereupon the assistant foreman told the yard foreman that the car was not loaded, to which the latter answered, "Take them and get out of here with them." The yard foreman, still directing the movement of the car, ordered plaintiff, who was the "trolley holder," and who had hold of the trolley pole, to pull it down and let the car coast down. This foreman and plaintiff were standing in the vacant space on the front of the car, between the front end of the car and the end of the piles, and plaintiff climbed up on the load of ties to adjust the trolley pole, when the car starting on a down grade caused the ties, which were without any support, to give way and slide down, carrying plaintiff with them and catching his leg and inflicting the injuries complained of.

Turning to what is set out as the new testimony of plaintiff brought out on cross-examination at this last trial, we give the salient parts of it. Plaintiff, after stating that as it was loaded the car stood "down hill," that is, the front end higher than the rear, was asked this: "You knew when the position of the car was reversed on account of the grade, so that the rear end of the car was higher than the front end, that the ties would most likely fall and commence to slip because the lean would be toward the front end, did you not?" He answered, "Why, that is a natural conclusion." He was asked, "Well, you knew that?" He

answered, "I didn't think of it at the time." He was then asked this: "You say if you had stopped to think, you would have known when the position of the car was reversed there would be danger of the ties slipping and rolling, didn't you?" He answered, "That would be a natural conclusion." He was asked, "But you say you didn't think of it at the time?" He answered, "No more than any other work a man has." He was asked, "Well, did you, or did you not think of it; when you saw the ties there, did you think there was danger of their falling?" He answered, "I didn't know about it; they seemed to be in a terrible hurry with the load." He was asked, "But if you had stopped to think, you would have seen the danger of the ties slipping, when the position of the car was reversed, would you not?" He answered, "Yes, sir; I would." He was asked this question: "You know now, don't you, Mr. Wilson, that ties arranged the way you say these were, were not properly arranged; is not that your present impression?" He answered, "That is it exactly, they were not." He was then asked, "That is the impression you now have, and if you had stopped to think at that time as to whether or not they were properly arranged, you would have had the same opinion then, wouldn't you?" He answered, "Well, I guess I would." Then follow these questions and answers:

"Q. You think you would; if you had stopped to think at that time how those ties were arranged you would have thought they were improperly arranged, would you not? A. I would have thought so; I certainly would.

"Q. And if you had stopped to think, you would have thought that the danger of those ties falling would have been so great you wouldn't have climbed on top and afterwards undertaken to get down, would you? A. No, sir; I wouldn't.

"Q. You wouldn't have thought there was any danger of them falling, would you? A. If they had been blocked?

"Q. No, no; they were not blocked; we are speaking of the pile of ties you have described now; if you had stopped to think about the danger of those ties falling, you wouldn't have done as you did, would you? A. No, I wouldn't.

"Q. You got on top of the ties and climbed down, because you didn't think of the danger? A. They were moving down the grade and Mr. Erb (the yard foreman) said: 'Pull that down and let it coast down,' and then going down to the switch point I had to get on top in order to go south on track 4.

"Q. You don't understand my question evidently; I understood you to say, if you had stopped to think about the way these ties were arranged you would have known they were improperly arranged? A. If I had time to think.

"Q. Didn't you have time to think? A. I was busy with other work, obeying Mr. Erb's orders by holding that trolley down; there were a span of wires across there, and you had to hold the trolley down.

"Q. And that was the reason you didn't think of getting hurt, of the ties falling, because you were busy? A. I never thought of it.

"Q. If you had thought of that, you would have known it was dangerous? A. Yes, sir.

"Q. And knowing it was dangerous, the danger would have been so great that you would not have gotten on top of the ties, if you had stopped to think how dangerous it was, would you? A. No, sir; I wouldn't."

This is substantially the new matter brought out on cross-examination upon which counsel now rely in support of their contention that the demurrer should have been sustained and that the judgment should be reversed outright.

A careful consideration of this new evidence fails to satisfy us that it makes any substantial change in the condition of the case from that when first tried and when formerly passed upon by this court. It is true that plaintiff says that if he had stopped to think he would not have taken the risk, but it is to be remembered that this statement was made at this last trial, which took place four years and five months after the happening of the accident. It is the statement of a man who, with all the circumstances of a long-past transaction in mind and looking over it after the lapse of these years, now, in effect, says that if he had then stopped to think he would not have taken the risk. But that does not persuade us that this testimony brings plaintiff within the rule of the cases cited by learned counsel for appellant. It might well be that nearly five years after an event, one recalling all its incidents as well as its consequences would have a very different idea of what he would have done if he had to do it over. That is human nature; is a trait common to all. Who of us, reviewing incidents of our lives, will not say as to many of them—possibly very vital ones in our life—that if they were to again arise we would act differently? All that we understand plaintiff's testimony on cross-examination now to mean, is that after the lapse of years, and coolly and quietly looking over the thing as it occurred, as he now looks at it, if he had it to do over again he would not do as he did at the time. But we do not think that this is a fair test to be applied in determining the action of the plaintiff at the time of the accident. The point is, not what he would now do, but what he did at the time, and in the situation then present. As said by our Supreme Court in Root v. Kansas City Southern Ry. Co., 195 Mo. 348, 1. c. 357, 92 S. W. 621, "We may not be allowed to review this transaction from the standpoint of the way it looks to us, glancing back." Plaintiff and his fellow workmen were acting under the immediate com-

mand of their superior, under that superior's "hurry order;" under his pressure for instant action. With this evidence in and with all the other evidence, it was a case for the jury and it would have been error to have taken it from them. It was for the jury to say whether there was time and opportunity for plaintiff to have thought out what might be the consequence of obeying the insistent order of his superior.

Our conclusion on this new testimony is that it does not in any way change the aspect of the case from that presented when here before, so far as concerns the right of plaintiff to recover. Notwithstanding this new evidence, we repeat here what we said when the case was before us on the first appeal, that "the work of loading the ties was done under the eye of the foreman and plaintiff was obeying his command when hurt; therefore, there can be no question about defendant being in fault if the ties were carelessly built up and in a way to endanger plaintiff unnecessarily." While counsel for appellant have, on this appeal, cited us to several cases which were not formerly presented to us, we do not find anything in them to cause us to change the conclusion which we formerly arrived at on this proposition.

The third error assigned is to an instruction given at the instance of respondent, plaintiff below. That instruction is as follows:

"VI. If the jury find from the evidence in this case the facts set out in instruction number 1 given to be true, and further find from the evidence that said pile of ties as so piled was liable to fall by reason of not being fastened or secured to prevent its falling and injuring the plaintiff whilst at and about the work of his said employment, if the jury find that the said pile was so insecure and unfastened; and if the jury find from the evidence that the plaintiff in the exercise of ordinary care would have known that said pile of ties was so unfastened and insecure, and that there

was some danger of said pile falling and injuring him while in the discharge of the duty of his employment; yet, if the jury further find from the evidence that said danger of said pile so falling and injuring the plaintiff was not so apparent or imminent, that a person of ordinary prudence under the same or similar circumstances as the plaintiff, would not have done the work that plaintiff was doing at the time of his injury, as mentioned in the evidence, then the fact that the plaintiff did said work on said pile under said circumstances, will not of itself prevent a recovery in this case.''

It is strenuously argued that this instruction numbered six contains the same error pointed out by this court in Bennett v. Crystal Carbonate Lime Co., 146 Mo. App. 565, 124 S. W. 608, and in Bradley v. Chicago, M. & St. P. Ry. Co., 138 Mo. 293, 39 S. W. 763, and in other cases cited by counsel for appellant. The Bennett decision is largely bottomed on the Bradley decision.

We have again carefully considered that instruction in connection with what is said by our Supreme Court in the Bradley case and think that under the facts in the case before us and in the light of that decision this instruction is correct. In the Bradley case, Judge MACFARLANE, who wrote the opinion, calls attention to the fact that the plaintiff at the time knew the condition of the bank under which he was working; that he knew that earth would break loose and fall when undermined; knew that earth had previously fallen of its own weight and knew that defendant had been having the top blasted or pried off so as to prevent it falling upon him. He then says, referring to the action of the plaintiff (l. c. 310): ''He was not suddenly, without having time to reflect, ordered temporarily into a place of danger.'' After setting out the circumstances connected with the accident in the

169 Mo. App.—27

case Judge MACFARLANE continues: "There might be cases where, under an emergency, or where the duty immediately in hand required promptness and gave no time for reflection, when such an instruction might be proper." We think that the facts in the case at bar bring this within that class; that this is a case of a man suddenly and without being given time for reflection, ordered temporarily into a place of danger; in short, that the facts here present the exact facts which bring this case within the exception referred to by Judge MACFARLANE. The crew of which this plaintiff was a part were acting under hurry orders of their immediate superintendent; even when the subforeman protested that the ties were not all loaded and the car ready to be moved, the head foreman called out, "Take them and get out of here with them." It was in executing this hurry-up order that plaintiff received his injury. There was no time given for reflection; no time for deliberation. As we understand the opinion in the Bradley case, this sixth instruction is directly in line and harmony with that case and in accordance with the weight of authority. It was wrong in the Bradley case, for the plaintiff there had time for deliberation. The rule applied in Root v. Kansas City Southern Ry. Co., supra, and like cases, may not improperly be applied here. In such cases it is held that in actions done, risks taken under a sudden emergency, "the law will not concern itself over-closely in scrutinizing and gauging his judgment, because men facing confusing perils sprung on them quickly are not called on to act with coolness and precision." [Root case, supra, l. c. 357.]

Moreover, as has been decided in case after case, instructions are to be considered as a whole; as parts of one charge. If so considered they embody correct declarations of the law, then minor inaccuracies or omissions in any one of them are not to be seized on to overturn a verdict. If, taken as a whole, they did

not misdirect or mislead the jury, they are not to be condemned. When we consider this instruction in connection with other instructions given at the instance of plaintiff and defendant, we are unable to see how the giving of it was in any manner prejudicial to this appellant.

Thus, at the instance of plaintiff, the court, among other things, told the jury that plaintiff, upon entering the service of defendant, assumed the ordinary perils incident to the employment but he did not assume any peril or risk, if there was either, arising from any want of ordinary care on the part of defendant or its foreman while engaged at or about the work in which plaintiff was engaged.

At the instance of defendant the court told the jury that if they believed from the evidence that plaintiff knew that the ties on this car were not blocked or fastened before and at the time he got on top of them and that in so going upon the top, knowing that they were not so blocked or fastened, he did not exercise the care and prudence that an ordinarily careful and prudent man would have exercised under the circumstances, and that his so going upon the ties contributed to produce his injuries, then their verdict must be for defendant, even if the jury found that defendant had negligently loaded the ties upon the car without blocking or fastening them.

The court further told the jury at the instance of defendant that although the jury might believe from the evidence that the front end of the ties piled upon the car was arranged perpendicularly, without being blocked or fastened, and that the ties so arranged would be liable to be shaken loose and fall, and if the jury further believed from the evidence that the danger of their falling was obvious and imminent and could have been known to plaintiff by the exercise of ordinary care, and if the jury further believed from the evidence that the only reason plaintiff did not see

the danger of the ties falling "was because he allowed his mind to become engrossed with his work," then their verdict should be for defendant.

The court gave a further instruction at the instance of defendant, to the effect that although the jury may believe from the evidence that defendant negligently piled the ties upon the car in question without blocking or fastening the same, "yet if the jury further believe from the evidence that plaintiff knew that said ties were not blocked and fastened and thereafter went upon the top of same, and that in attempting to get down off same to the ground or floor of the car for the purpose of adjusting the trolley, said ties became disarranged and fell upon plaintiff's leg, and if the jury further find from the evidence that *the danger of said ties falling was so apparent that* an ordinarily prudent man, under the circumstances, would not have attempted to so get down from said ties, and that plaintiff's so getting down contributed to his injuries, your verdict and finding will be for defendant." The only difference between the instruction as asked by defendant and this instruction as given by the court was the interlineation in it by the court, and as we hold, properly, of the words, "the danger of said ties falling was so apparent that," which we have underscored.

With these instructions before the jury, the relevancy of which to the issues will appear by reference to our former opinion in the case (142 Mo. App. 676), it is impossible to say that the instruction complained of was misleading or that the giving of it constitutes reversible error.

The General Assembly of our State has enacted that "the Supreme Court or Courts of Appeals shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action." [Section 2082, R. S.

1909.] By section 1850, R. S. 1909, it is enacted that "the court shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Whatever difference of opinion there may be as to the power of the Legislature to control the judgments of the courts, no one doubts the wisdom and justness of these statutory provisions. Even without them, an enlightened court should find no good reason for holding to the contrary. That they are treated by our courts as binding upon them see Freeland v. Williamson, 220 Mo. 217, l. c. 229, 119 S. W. 560; Mann v. Doerr, 222 Mo. 1, l. c. 15, 121 S. W. 86.

In Peterson v. Transit Co., 199 Mo. 331, l. c. 344, 97 S. W. 860, the Supreme Court said: "These instructions presented the case very fairly and clearly to the jury, and we fail to find in them any material error prejudicial to the defendant, affecting the merits of the case. Although they may not come fully up to the standard of perfection required by the criticisms of defendant's learned and ingenious counsel yet as upon the whole of the evidence the verdict was manifestly for the right party—we cannot for that reason reverse the judgment thereupon." What are now sections 1850 and 2082, are cited in support of this.

Applying these decisions and the statute to this case, considering all the instructions given, we do not believe that the error assigned on the sixth instruction was of such a character as to prejudice the defendant or mislead the jury. The very objection to and criticism of it is one that could only be raised by the most astute and keen mind. We do not believe these would ever have occurred to the ordinary, everyday men of which all juries are composed.

Holding, as we have, that there was evidence to warrant the submission of the case to the jury, we hold

that the assignment of error in giving any instuctions submitting it to the jury, is not maintainable.

Without going into the case with any more particularity and confining ourselves here to a discussion of the points presented on this appeal, we reiterate what we said in this case, 142 Mo. App. 676, when formerly here as to the merits of the case itself and as to the correctness of this verdict and judgment, the error in the instruction for which it was formerly reversed not having been repeated at this second trial. We so held in an opinion written and filed when the case was first submitted on this present appeal. A motion for rehearing was filed and sustained and the cause then taken as resubmitted. On reconsideration, we find no reason to change our first conclusion but withdraw the opinion heretofore filed and substitute this for it.

The judgment of the circuit court is affirmed. *Caulfield, J.,* concurs. *Nortoni, J.,* dissents on the ground that the case is in conflict with Bradley v. Chicago, Milwaukee & St. Paul Ry. Co., 138 Mo. 293, 39 S. W. 763, and requests that the case be certified to the Supreme Court which is accordingly done.

## DISSENTING OPINION.

NORTONI, J.—If plaintiff's instruction numbered 6 in this case is to be distinguished from instruction numbered 1 condemned in the Bradley case on the ground that plaintiff was acting promptly in response to an order without time for reflection, it seems that question should have been submitted to the jury for a finding and not declared in the appellate court as a conclusion of law. I see nothing in the instruction under consideration calling upon the jury to find that plaintiff received his injury while acting without time for reflection as to a proper course to pursue.

Wilson v. Railroad.

This instruction seems to me to go quite beyond the one condemned by the Supreme Court in the Bradley case. It is obvious that this instruction authorizes a recovery for plaintiff, though the jury believed he was remiss in the exercise of ordinary care for his safety, as that rule is usually applied. By the instruction, the jury were told that, even though, in the exercise of ordinary care, plaintiff might have known the pile of ties were insecure for him to walk upon and that there was "some danger" of the pile falling and injuring him, "yet, if the jury further find from the evidence that said danger of said pile so falling . . . was not so apparent and imminent that a person of ordinary prudence under the same or similar circumstances as the plaintiff, would not have done the work," he might nevertheless recover. This seems to me to authorize a recovery for plaintiff, even though he was remiss in the exercise of ordinary care for his safety, unless the danger was so "apparent and imminent" as would justify a conclusion of negligence as a matter of law.

Furthermore, by interlineation, the court modified one of defendant's instructions and inserted the same proposition therein. To my mind it is entirely clear that plaintiff's sixth instruction and the modification of defendant's instruction misstated the rule with respect to the degree of care that plaintiff is required to exercise for his own safety. The instruction under review, according to my judgment, infringed the rule declared by the Supreme Court in Bradley v. Chicago, M. & St. P. Ry. Co., 138 Mo. 293, 39 S. W. 763. I deem the judgment of the court on this question to be in conflict with that of the Supreme Court in the case of Bradley v. Chicago, M. & St. P. Ry. Co., 138 Mo. 293, 39 S. W. 763 and, for that reason, request that the cause be certified to the Supreme Court for final determination.